Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SIMON J. BURCHETT PHOTOGRAPHY, INC.,    Case No.: 20-cv-1849

                         Plaintiff,    **ECF CASE**

              v.    **COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

INFORMA MEDIA, INC.,

                        Defendant.
-----------------------------------------------------------------x

Plaintiff SIMON J. BURCHETT PHOTIPGRAPHY, INC., by and through the undersigned counsel, brings this Complaint and Jury Demand against defendant INFORMA MEDIA, INC., for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## JUR\ISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

2.      Defendant is headquartered in this Judicial District, and this Court has general jurisdiction over defendant.

## VENUE

3.      A plaintiff may bring a case in: "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ;or (3) if there is no district in which an action may otherwise be brought . . . a judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."28 U.S.C. § 1391(b)(1)-(3).

4.      At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## DUE PROCESS

5.      There are no due process concerns in light of the fact that defendant committed an intentional tort that it knew had an effect in this Judicial District.  Defendant maintains its headquarters at 605 Third Ave., 22nd Floor, New York, NY 10158, and there can be no due process concerns.

## PARTIES

1.      Plaintiff SIMON J. BURCHETT PHOTOGRAPHY, INC. ("SJB") is a New York corporation with a headquarters located in Manhattan, New York.

2.      Upon information and belief, defendant INFORMA MEDIA, INC., ("INFORMA"). is a corporation with a headquarters located at 605 Third Ave., New York, N.Y. 10158.  INFORMA may be served through the Corporation Service Company located at 80 State St., Albany, N.Y. 12207.

# FACTS

3. Plaintiff is the beneficial owner, by assignment, of the below copyrighted images of the containerships the Estelle Maersk (titled "_L4A0297") and CSCL Zeebrugge (titled "_L43140", U.S. Copyright Registration Nos. VAu 1-254-330 and VA 2-036-532 (the "Copyrighted Images"). See **Exhibits 1** and **2**.



| *Estelle Maersk* - VAu 1-254-330  _L4A0297 | *CSCL Zeebrugge* - VA 2-036-532  _L4A3140 |
|---|---|

4. Plaintiff is owned solely by Simon Burchett, a world-renowned photographer who has been honored with many awards and accolades.

5. Mr. Burchett is accredited as a master photographer by the Master Photographers Association (the "MPA") in England.  To become accredited, a photographer must: (i) have professional liability insurance, (ii) show a substantial history of professional work, (iii) provide a detailed client list, (iv) produce a curriculum vitea, and (iv) pass an interview.

6. In July 2019, Mr. Burchett won the very prestigious Gold Medal at the MPA's professional photographers' competition.  This is a national competition conducted by the MPA which is open to all professional photographers.  There are in excess of 1,000 images submitted to each competition.

7.      Plaintiff's Copyrighted Image _L4A0297 of the Estelle Maersk received a Silver Medal at the Master Photographers Association competition in 2018.

**The Business of Defendant**

8.      Defendant INFORMA publishes numerous Internet magazines including Aviation Week Network, Maritime Intelligence, and Seatrade Maritime News.  Defendant copied, distributed, and publicly displayed plaintiff's Copyrighted Images without licenses or any authority in three separate articles, one in each of the aforementioned media websites.

## AVIATION WEEK

9.      On or about June 17, 2019, INFORMA d/b/a Aviation Week published plaintiff's Copyrighted Image _L4A0297, without a license, on the website located at: <https://aviationweek.com/maersk-ctio-shares-lessons-learned> ("Article 1").



10.     Defendant incorporated an unlicensed copy of plaintiff's Copyrighted Image _L4A0297 in Article 1.

4

11. Defendant was put on notice of its infringing activity by demand to Cease and Desist and Notice of Litigation from plaintiff's counsel dated February 4, 2020. See **Exhibit 3**.

12. As of the date of this Complaint, defendant has elected to continue to infringe, and plaintiff's unlicensed Copyrighted Image _L4A0297 is still active on Article 1.

13. Defendant did not include plaintiff's name, the title of plaintiff's Copyrighted Image, its author, or information about the terms and conditions of use of plaintiff's Copyrighted Image.

14. Defendant's unlicensed exploitation of plaintiff's Copyrighted Image _L4A0297 in Article 1 was, and is, purely commercial.

15. Defendant's blatant failure to license plaintiff's Copyrighted Image _L4A0297 prior to its commercial use entitles plaintiff to enhanced damages pursuant to 17 U.S.C. 504(c)(2).

16. Defendant's failure to cease and desist after notice from plaintiff's counsel, as well as its reckless disregard for plaintiff's rights, are separate reasons why plaintiff is entitled to enhanced damages pursuant to 17 U.S.C. 504(c)(2).

17. Defendant has intentionally, or with reckless disregard, infringed plaintiff's right to copy, distribute, and publicly display plaintiff's Copyrighted Image _L4A0297 pursuant to 17 U.S.C. § 106.  Plaintiff is entitled to its actual damages, as well as defendant's profit in excess of plaintiff's actual damages.  Alternatively, plaintiff may elect enhanced statutory damages, plus its reasonable attorneys' fees, costs, pre/post judgment interest.

18. Defendant's failure to include any copyright management information is a violation of 17 U.S.C. § 1202 – the DMCA. Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA.

19. Defendant also encouraged and provided the mechanism for Article 1 to be emailed, printed, and shared freely on social media. See below:



20. This constitutes contributory infringement as defendant had knowledge of the infringing activity and induced, caused, or materially contributed to the infringing conduct of each third-party that shared or re-posted Article 1.

21. Defendant is liable for the license fees for each time Article 1 was shared or posted.

**MARITIME INTELLIGENCE**

22. On or about November 29, 2018, defendant, through its Internet media website Maritime Intelligence, published an article titled "Brazilian box trade to grow 5% in 2019" on its website located at

<https://lloydslist.maritimeintelligence.informa.com/LL1125298/Brazilian-box-trade-to-grow-

5-in-2019> and incorporated an unlicensed copy of the Copyrighted Image _L4A0297 ("Article 2"). See below:



23. Defendant was put on notice of its infringing activity by demand to Cease and Desist and Notice of Litigation from plaintiff's counsel dated February 4, 2020. See **Exhibit 3**.

24. As of the date of this Complaint, defendant has elected to continue to infringe, and the unlicensed copy of plaintiff's Copyrighted Image _L4A0297 is still active on Article 2.

25. Defendant did not include plaintiff's name, the title of the Copyrighted Image, its author, or information about the terms and conditions of use of the Copyrighted Image.

26. Instead, defendant falsely claimed the source of plaintiff's Copyrighted Image _L4A0297 was A/P Moller Maersk or "Maersk".

27. Defendant's unlicensed exploitation of plaintiff's Copyrighted Image _L4A0297 was, and is, purely commercial.

28. Defendant's blatant failure to license plaintiff's Copyrighted Image prior to its commercial use entitles plaintiff to enhanced damages pursuant to 17 U.S.C. 504(c)(2). Defendant's failure to cease and desist after notice from plaintiff's counsel, as well as its reckless disregard plaintiff's rights, are separate reasons why plaintiff is entitled to enhanced damages pursuant to 17 U.S.C. 504(c)(2).

29. Defendant has intentionally, or with reckless disregard, infringed plaintiff's right to copy, distribute, and publicly display plaintiff's Copyrighted Image _L4A0297 pursuant to 17 U.S.C. § 106.  Plaintiff is entitled to its actual damages, as well as defendant's profit in excess of plaintiff's actual damages.  Alternatively, plaintiff may elect enhanced statutory damages, plus its reasonable attorneys' fees, costs, pre/post judgment interest.

30. Defendant's failure to include any copyright management information, and, in fact, including fraudulent copyright information below the unlicensed copy in Article 2, is a violation of 17 U.S.C. § 1202 – the DMCA.  Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA.

31. Defendant also encouraged and provided the mechanism for third parties to email, print, and freely share Article 2 on social media. See below:



32. This constitutes contributory infringement as defendant had knowledge of the infringing activity and induced, caused or materially contributed to the infringing conduct of each third-party that shared or posted the offending article.

33. Defendant is liable for the license fees for each time the subject article was shared.

## SEATRADE MARITIME NEWS

34. On or about March 15, 2018 defendant, through its Internet media website Seatrade Maritime News published an article titled "Seaspan eyes consolidator role in containership sector as it acquires GCI for $380m" on its website located at <https://www.seatrade-maritime.com/americas/seaspan-eyes-consolidator-role-containership-sector-it-acquires-gci-380m> ("Article 3").

35. Defendant incorporated an unlicensed copy of plaintiff's Copyrighted Image _L4A3140 in Article 3. See below:



36. Defendant was put on notice of its infringing activity by demand to Cease and Desist and Notice of Litigation from plaintiff's counsel dated February 4, 2020. See **Exhibit 3**.

37. As of the date of this Complaint, defendant has elected to continue to infringe, and the unlicensed copy of plaintiff's Copyrighted Image _L4A3140 is still active as part of Article 3.

38. Defendant did not include plaintiff's name, the title of the Copyrighted Image, its author, or information about the terms and conditions of use of the Copyrighted Image.

39. Defendant's unlicensed exploitation of plaintiff's Copyrighted Image _L4A3140 was, and is, purely commercial.

40. Defendant's blatant failure to license the Copyrighted Image prior to its commercial use entitles plaintiff to enhanced damages pursuant to 17 U.S.C. 504(c)(2).

41. Defendant's failure to cease and desist after notice from plaintiff's counsel, as well as its reckless disregard of plaintiff's rights, are separate reasons why plaintiff is entitled to enhanced damages pursuant to 17 U.S.C. 504(c)(2).

42. Defendant has infringed plaintiff's right to copy, distribute, and publicly display its Copyrighted Image _L4A3140 pursuant to 17 U.S.C. § 106.  Plaintiff is entitled to its actual damages, as well as defendant's profit in excess of plaintiff's actual damages. Alternatively, plaintiff may elect enhanced statutory damages, plus its reasonable attorneys' fees, costs, pre/post judgment interest.

43. Defendant's failure to include any copyright management information is a violation of 17 U.S.C. § 1202 – the DMCA.  Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA.

44. Defendant also encouraged and provided the mechanism for Article 3 to be shared freely on social media. See below:



45. This constitutes contributory infringement as defendant had knowledge of the infringing activity and induced, caused or materially contributed to the infringing conduct of each third-party that shared or posted Article 3.

46. Defendant is liable for the license fees for each time Article 3 was shared.

## ACTUAL DAMAGES

47. Plaintiff has suffered significant injuries due to defendant's acts. Plaintiff is entitled to its licensing fee of $3,000 per year for each Article, as well as the license fees for every third-party infringer.

48. Plaintiff is also entitled to its lost costs in obtaining the Copyrighted Image which are substantial.

49. Plaintiff's Copyrighted Image _L4A0297 was taken during the containership the Estelle Maersk's maiden voyage from Algeciras, Spain on November 27, 2006.

50. The Estelle Maersk was the largest containership in the world in 2006 when it made its maiden voyage.

51. Plaintiff took the Copyrighted Image during a four-hour plane ride, repeatedly circling the vessel to make sure every angle was captured.

52. It took four hours of flight time to take the Copyrighted Image, at a cost of just under $12,000. Travel, and other expenses was an additional $4,200. That's $16,200 in hard costs alone.

53. Defendant's profit in excess of plaintiff's actual damages is significant. Subject to proof, plaintiff seeks all sales of defendant's anti-heeling pumping system product for the three years prior to the filing of this Complaint.

54. For plaintiff's Copyrighted Image _L4A3140, plaintiff and his assistant travelled from Kent, England to Malaga, Spain. The three day trip each way entailed lodging for Mr. Burchett and his assistant, and well as food.

55. Plaintiff also rented a fixed wing twin-engine aircraft for three hours, as hired a commercial pilot and paid for fuel (about 45 gallons per hour).

56. For Copyrighted Image _L4A3140, the total expenses were over $5,500.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

57. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

58. It cannot be disputed that the plaintiff has a valid, registered copyrights, and owns all rights to the Copyrighted Images.

59. Defendant without license or authority from plaintiff, reproduced, publicly displayed, and/or distributed plaintiff's Copyrighted Images.

60. Defendant copied and publicly displayed the Copyrighted Images solely for the purpose of commercial gain.

61. Defendant refused to cease and desist after a demand from plaintiff's counsel.

62. Should plaintiff elect an award of statutory damages, only an award at the top of the statutory scale will serve as a deterrent to defendant.

63. At all times relevant to this Complaint, defendant's uses of the Copyrighted Images were not for criticism, comment, news reporting, teaching, scholarship, or research.

64. Each use was completely unnecessary and not an integral part of each Article.

65. At all times relevant to this Complaint, defendant's uses were not transformative.

66. Defendant elected to reproduce, distribute, and/or publicly display plaintiff's Copyrighted Images, using the entirety of each image, without a license.

67. As a direct and proximate result of defendant's infringement of plaintiff's exclusive rights to the Copyrighted Images as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of plaintiff's actual damages, and defendant's profits in excess of plaintiff's actual damages.  Plaintiff may also elect to recover a statutory damage award.  Defendant's acts were in reckless disregard of plaintiff's rights, and plaintiff is entitled to enhanced damages of up to $150,000 pursuant to 17 U.S.C. § 504(c)(2).

## SECOND CLAIM FOR RELIEF
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

68. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

69. Defendant was well-aware of the fact that it did not have a license for each use.

70. Defendant was certainly aware after being served with notice from plaintiff's counsel.

71. Defendant encouraged third-parties to email, print, and share each Article on social media.

72. Defendant provided the apparatus for third-parties to email, print, and share each Article on social media.

73. Defendant is liable for contributory infringement for each third-party infringement, directly and indirectly.

74. As a direct and proximate result of defendant's contributory infringement, plaintiff has incurred damages, and requests an award of plaintiff's actual damages including all lost license fees, and defendant's profits in excess of plaintiff's actual damages.  Plaintiff

may also elect to recover a statutory damage award.  Defendant's acts were in reckless disregard of plaintiff's rights, and plaintiff is entitled to enhanced damages of up to $150,000 pursuant to 17 U.S.C. § 504(c)(2).

### THIRD CLAIM FOR RELIEF
### VIOLATION OF DMCA OF 1998, AS AMENDED,
### 17 .S.C. §§ 1201-05.

75. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

76. Section 1202 provides in part: (b) [n]o person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, [or] (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.  17 U.S.C. § 1202(b).

77. The DMCA states: "[d]efinition.—As used in this section, the term 'copyright management information' means any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form, except that such term does not include any personally identifying information about a user of a work or of a copy, phonorecord, performance, or display of a work: (1) The title and other information identifying the work, including the information set forth on a notice of copyright. (2) The name of, and other identifying information about, the author of a work. (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright. (4) . . . the name of, and other identifying information about, a performer whose performance is fixed in a work other than an

audiovisual work. (5) . . . the name of, and other identifying information about, a writer, performer, or director who is credited in the audiovisual work. (6) Terms and conditions for use of the work.  (7) Identifying numbers or symbols referring to such information or links to such information. (8) Such other information as the Register of Copyrights may prescribe by regulation, except that the Register of Copyrights may not require the provision of any information concerning the user of a copyrighted work." 17 U.S.C. § 1202(C); S.Rep. No. 105-190 (1988), note 18.

78. Plaintiff always distributes its copyrighted images, including the Copyrighted Images here, with embedded copyright management information which includes the title of the image, author name, copyright owner, and information concerning where the image was taken, and technical information about the image.

79. Defendant removed plaintiff's copyright management information ("CMI"), and copied, publicly displayed, and/or distributed the Copyrighted Image without this CMI.

80. Defendant has continued, for the month preceding this Complaint, to continue to display and distribute the Copyrighted Images with no CMI, or with fraudulent CMI, after it was served with notice.

81. Plaintiff seeks award of statutory damages for each violation of Section 1202 of the DMCA in the sum of $25,000.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds in excess of plaintiff's compensatory damages;

2. compensatory damages in an amount to be ascertained at trial;

15

3.     a statutory damage award for each U.S. Copyright Registration, including all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4.     an award of up to $25,000 in statutory damages for each violation by defendant of the DMCA, 17 U.S.C. § 1202;

5.     the reasonable attorneys' fees and costs incurred by plaintiff in this action (17 U.S.C. § 505);

6.     pre- and post-judgment interest to the extent allowable; and,

7.     such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: February 2, 2020      **GARBARINI FITZGERALD P.C.**
New York, New York

By: *Richard M. Garbarini*
Richard M. Garbarini (RG 5496)